(No. 4532-

JOSEPH A. MERTEL, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 26, 1954.*

KEVIN D. KELLY, Attorney for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

This case involves a claim against the State of Illinois in the amount of One Thousand Three Hundred and Fifty-Five Dollars and Forty-six Cents ($1,355.46) for damages to a motor truck owned by claimant, Joseph A. Mertel.

The evidence establishes that claimant was the owner of a 1950 International concrete mixer truck, which at about 9:00 o'clock in the forenoon of May 24, 1952 was being driven by his son, Anthony Mertel, on business for claimant, in a southerly direction upon U.S. Highway Route No. 51, across Shippingsport

bridge, which spans the Illinois River at LaSalle, Illinois.

It is a lift span bridge, which is raised from time to time to allow clearance for river traffic. At each end there is a steel guard gate suspended by cables from the bridge super structure, which gate is lowered to the floor of the bridge by a cable pulley arrangement at the same time the bridge is raised, the purpose of the gate being to protect operators of motor vehicles approaching the bridge at such times. The gate is raised to a height of 14 feet when the bridge is lowered. It is 3 feet high and 22 feet in length, being the width of the bridge, and is constructed of steel angle irons on the top, bottom and ends, and strap iron woven through the center thereof forming diamond shaped spaces, weighing approximately 1,500 pounds.

When claimant's truck reached the south end of the bridge, the guard gate suddenly, and without warning, dropped from its raised position onto the front end of the truck.

The driver, Anthony Mertel, who was the only eye witness to the accident, testified that he was driving south at a speed of 25 miles per hour, and first saw the gate falling about 5 or 6 feet in front of the truck; that he ducked low in the cab to protect himself, lost control of the truck momentarily, and, after regaining control, brought the truck to a stop approximately 100 feet from the point of impact with the gate. He further testified that he then inspected the gate, which had been carried by the momentum of the truck for approximately 70 feet from the point of impact, and found that about 12 feet of 5/16 inch cable was attached to the end of the gate, but that no cable was attached to the other end thereof. A series of photographs taken

immediately after the accident were admitted in evidence as exhibits, and, together with the testimony of Anthony Mertel, established that the end of the cable attached to the gate as aforesaid was frayed. The cable controlling the movement of the gate travels through a slot in a steel beam to the top of the bridge, where it winds around a shiv when the gate is being raised, with no pulley or other device at that point to prevent friction.

Mr. Arthur J. Fischer, head bridge tender and witness for respondent, confirmed the fact that the cable attached to the gate was frayed on the end, but persisted in stating that the cable did not come in contact with the steel beam at any point between pulleys, although he admitted that it could come in contact with the beam, and that grease had been applied by mechanics to the beam, "to avoid any possible friction". He further testified that the cable passed through a 3 inch opening in the steel beam.

The question here involved is: "Did the cable break, and the gate fall by reason of negligence on the part of respondent?"

There is no direct proof of an act of negligence by any agent of respondent. However, this case, in our judgment, involves a situation wherein the doctrine of res ipsa loquitur may be invoked by claimant, and such is urged by claimant's counsel in his brief and argument.

This Court has previously applied the doctrine of res ipsa loquitur in a case wherein the facts were identical to those involved herein. The accident happened in the same manner and on the same bridge. Not only that, but the truck involved was owned by Joseph A. Mertel, the claimant herein, and was driven by the

same driver, Anthony Mertel. *Joseph A. Mertel* vs. *State of Illinois,* 20 C.C.R. 285.

The bridge mechanism, gate, and cable were in the sole control of respondent. Under the rule of the doctrine, the occurrence of the accident amounts to evidence from which the fact of negligence may be found. We accept this evidence as constituting negligence, in the absence of proof by respondent rebutting such an inference or presumption, or explaining the cause of the accident on some other ground than its own negligence.

Respondent contends in its brief and argument that the evidence sufficiently rebuts the inference, or presumption of negligence, raised by the application of the doctrine of res ipsa loquitur. We do not agree with respondent. The fact that the bridge had been raised, and the gates lowered within an hour prior to the happening of the accident, as testified to by respondent's witness, Mr. Fischer, is not sufficient to overcome this presumption of negligence, nor is the portion of the Departmental Report, which states that the bridge is inspected once every two weeks by mechanics, or bridge maintenance supervisors, and the operating machinery of the bridge "operated and watched daily by bridge tenders", of any help to respondent in overcoming the effect of the doctrine. No evidence is offered by respondent showing what the inspections consisted of, the thoroughness of said inspections, and the results of the inspections conducted.

Respondent also contends that the inference of negligence was rebutted by evidence that the driver of claimant's truck had been warned not to proceed at an excessive rate of speed, because the bouncing and vibration of the bridge created thereby would cause an

accident to occur on the bridge. It is respondent's contention that, notwithstanding this warning, the driver of the truck drove at an excessive rate of speed, which "caused the span to bounce up and down, and to vibrate; and, the chain pin that holds the supporting chain at one end of the barrier gate, because of said bouncing and vibration, broke, causing one end of the gate to fall a short distance, and become wedged in the side guides, after which the continued bouncing and vibration of the span set up by the rapidly approaching truck mixer, loaded with nearly twenty tons of concrete, caused the pin holding the supporting chain on the other end of the gate to break, whereupon the entire gate fell". (Paragraph 7, Departmental Report.)

The only evidence in this case as to speed was the testimony of the driver of claimant's vehicle, Mr. Anthony Mertel. He testified that he was driving 25 miles per hour, when traveling over said bridge. The only evidence offered by respondent was the testimony of Mr. Fischer, who stated that he did not see claimant's truck until after the accident had happened, and on cross-examination stated that he could not judge the speed of claimant's vehicle. He testified on direct examination that 25 miles per hour was not an excessive speed to drive, while crossing the bridge. We do not find any evidence of excessive speed in this record.

We further find that, regardless of this, there is no competent evidence in the record to sustain respondent's contention that the vibration of the bridge caused the chain pin to break, and the gate to fall, as set forth in the Departmental Report. The portion of the Departmental Report quoted above is not competent evidence of this fact, since it is obviously based

upon conclusions, rather than facts. We held in the case of *Lillian Kamin* vs. *State of Illinois*, No. 4529, opinion filed on September 25, 1953, that a Departmental Report shall be prima facie evidence of the facts set forth therein, but is not prima facie evidence of the conclusions set forth.

We find that there is no evidence in the record sufficient to rebut the presumption, or inference of negligence, raised by the application of the doctrine of res ipsa loquitur, and further find that claimant has borne the burden of proving negligence on the part of respondent, due care and caution on the part of claimant, and that the negligence of respondent proximately caused the damage to claimant's truck.

The evidence clearly established that both front fenders, the grill, radiator, carburetor, manifolds, cab, headlights and crank shaft of claimant's truck were damaged in the total sum prayed for, namely, Thirteen Hundred and Fifty-Five Dollars and Forty-six Cents ($1,355.46).

We, therefore find judgment in favor of claimant, and enter an award in his favor in the amount of Thirteen Hundred and Fifty-Five Dollars and Forty-six Cents ($1,355.46).